Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8266 | **DATE** | 9/29/2003 |
| **CASE TITLE** | Ramos vs. Ashcroft | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss [Doc. 21]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons given in the attached memorandum opinion, Defendants' Motion to Dismiss [Doc. 21] is denied in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 3 0 2003 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 24 |
| | Copy to judge/magistrate judge. | | |
| jar/lc | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA ROSA RAMOS, et. al, | ) |
| Plaintiffs, | ) |
| v. | ) No. 02 C 8266 |
| | ) HONORABLE DAVID H. COAR |
| JOHN ASHCROFT, et al, | ) |
| Defendants. | ) |

DOCKETED
SEP 3 0 2003

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint for want of jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Both parties have fully briefed the issues in Defendant's Motion and it is now ripe for decision.

### Factual and Procedural Background

This case is a reincarnation of an earlier case, Ramos v. Ashcroft, No. 01-CV-2633. The factual allegations supporting both lawsuits are the same, though the legal presentation is slightly different. Fifteen immigrant plaintiffs filed the earlier case to challenge policies of the Chicago District Office Immigration and Naturalization Service (INS) relating to the processing of applications for Adjustment of Status under Section 245(i) of the Immigration and Naturalization Act, 8 U.S.C. §§ 1255(i). This Court dismissed the earlier case for failure to exhaust administrative remedies on February 5, 2002. Three of the same plaintiffs, along with eight

-1-

24

others, filed a class action complaint on November 15, 2002, seeking to challenge the policies of the Immigration and Naturalization Service (INS) relating to the processing of applications for Adjustment of Status under Section 245(i) on behalf of a class of immigrant plaintiffs who filed such applications in the Chicago District Office between January 29, 1997 and April 13, 2001.

The factual allegations of the instant class action complaint are essentially identical to those of the earlier complaint. The putative class of plaintiffs are individuals whose Applications for Adjustment of Status (INS form I-485) were accepted in the Chicago district office of the INS during the class period. Plaintiffs allege that the acceptance and processing of these applications was improper under the regulatory scheme unless a visa would be immediately available to the applicant. Subsequent to the processing of these applications, the Chicago office relied on the information in the Applications for Adjustment of Status to initiate investigations and removal proceedings against the unsuccessful applicants.

In 1994, Congress enacted Section 245(i) of the Immigration and Naturalization Act ("'Act'") to permit immigrants with qualifying family relationships who were in the United States illegally to stabilize their status through an Adjustment of Status. The process of adjusting an immigrant's status under Section 245(i) had several steps. First, a qualifying family member had to file an Immigrant Visa Petition (INS form I-130) on behalf of the immigrant relative who sought to obtain lawful status by a certain date. The petition had to demonstrate two things: that the petitioner was lawfully in the United States and that the petitioner had the requisite family relationship with the relative. If the Immigrant Visa Petition met those requirements, the INS approved the petition. Next, the unlawfully present immigrant relative could submit the Application for Adjustment of Status (INS form I-485).

The requirements that accompany the submission and processing of Applications for Adjustment of Status constitute the central dispute in this litigation. Plaintiffs assert that the statute and accompanying regulations require a visa to be immediately available before an Application for Adjustment of Status can be processed. Defendants contend that there is no such prerequisite for processing the applications. Plaintiffs also argue that Defendants cannot rely upon the information contained in Applications for Adjustment of Status to open an investigation against them.

In the Motion to Dismiss presently before the Court, the Defendants seek to dismiss Plaintiff's complaint for want of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As the Plaintiffs point out in their Response, in January the Court ordered the parties to brief only the issues relating to jurisdiction. See Min. Ord. of Jan. 28, 2003. In the interim, the Court struck all the briefs related to the Motion to Dismiss, but it did not vacate or alter the January order. In the reiterated motion, the Defendants chose to brief both the issues relating to Rule 12(b)(6) and Rule 12(b)(1). At this stage, the Motion to Dismiss for failure to state a claim is not properly before the Court. Consequently, it will be denied. The Court will now proceed to the analysis of Defendant's Motion to Dismiss for want of jurisdiction pursuant to Rule 12(b)(1).

### I. STANDARD OF REVIEW

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court employs the familiar standard from Rule 12(b)(6) and must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. See Transit Exp. Inc. v. Ettinger, 246 F.3d 1018, 1023 (7th

Cir. 2001). Unlike a Motion to Dismiss under Rule 12(b)(6), however, the parties are permitted to submit evidence outside the four corners of the complaint to address the jurisdictional question. See Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993).

## II. DISCUSSION

Section 1252(g) of the Immigration and Naturalization Act forecloses judicial challenges to certain discretionary decisions and actions of the Attorney General and his agents. The statute reads:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Pursuant to the express language of Section 1252(g), the district court's power to review cases is barred only when an alien challenges the Attorney General's decision to (1) commence proceedings, (2) adjudicate cases, and (3) execute removal orders. See Reno v. American-Arab Anti-Discrimination Committee ("AADC"), 525 U.S. 471, 482 (1999); Fornalik v. Perryman, 223 F.3d 523, 531 (7th Cir. 2000). As will be discussed below, the plaintiffs' claim does not fall into the three categories articulated in § 1252(g).

The Defendants' position on the jurisdictional question in this case is strikingly similar to its position in the earlier case. The Defendants assert that the Plaintiffs cannot assert their challenge to the processing of Applications for Adjustment of Status because, subsequent to the allegedly improper processing, the Attorney General decided to initiate removal proceedings

against them. Although Defendants contend otherwise, their position runs counter to the holding of the Supreme Court in AADC.

Plaintiffs here seek to challenge two things: (1) the processing of Applications for Adjustment of Status when visas were not immediately available for the applicant; and (2) the decision to utilize denied Applications for Adjustment of Status to initiate investigations. The former is a straightforward argument for declaratory relief based on Plaintiffs' interpretation of the statutes and accompanying regulations. This bears little resemblance to any of the three areas that Section 1252(g) excludes from judicial review. The closest fit is with the proscription from reviewing decisions to adjudicate cases, but the Plaintiffs are not challenging the adjudication (and denial) of their applications. Instead, they are challenging the procedures relating to the acceptance and processing of the applications. Such a challenge is not excluded from the jurisdiction of the district courts in Section 1252(g).

As for the latter challenge to the initiation of investigations, a footnote in AADC illuminates the precise nature of the Supreme Court's holding with respect to whether decisions to initiate investigations can be challenged under Section 1252(g). See AADC, 525 U.S. at 485 n.9. The Court, in AADC, limited Section 1252(g) to apply to only those three categories of prosecutorial behavior explicitly mentioned in the statute: commencing proceedings, adjudicating cases, and executing removal orders. Justice Souter believed that the Court's explicit and limiting construction of Section 1252(g) "strain[s] the meaning of the text." AADC, 525 U.S. at 502 (Souter, J., dissenting). Specifically, Justice Souter could not agree that Section 1252(g) would "bar aliens already in proceedings . . . from challenging the commencement of proceedings against them, but to permit the same aliens to challenge, say, the decision of the

Attorney General to open an investigation." Id. at 506. In a footnote responding to Justice Souter's concern, the Court declared that Section 1252(g) was directed against those phases of the process that had been most commonly brought to judicial review. Id. at 485 n.9. The Court speculated that decisions to open investigations were not often challenged "perhaps because such decisions are rarely made public." Id. Regardless of why such decisions are rarely challenged, the Supreme Court in AADC clearly held that they could be challenged when it chose to read the three areas in Section 1252(g), "commence proceedings, adjudicate cases, or execute removal orders," to "mean precisely what they say." Id.

The Plaintiffs here are challenging the INS Chicago District Office's procedures relating to Applications for Adjustment of Status. They are not presenting a legal claim that "the Attorney General is unfairly executing a removal order, but rather that a prior, unrelated error makes [their] removal improper." Fornalik v. Perryman, 223 F.3d at 532. As this Court noted previously, "the present action does not qualify as a challenge to the adjudication of the plaintiffs' adjustment of status application and is not barred by the door closing statute set forth in § 1252(g)." Ramos v. Ashcroft, No. 01-CV-2633, 2001 U.S. Dist. LEXIS 1918, at *6-*7 (N.D. Ill., Feb. 5, 2002).

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss Plaintiffs' Complaint for lack of jurisdiction and for failure to state a claim is denied.

Enter:

_____
David H. Coar
United States District Judge

Dated: September 29, 2003